826 F.2d 391
 Blue Sky L. Rep. P 72,652
MBANK FORT WORTH, N.A. (formerly Continental National Bank
of Fort Worth), Plaintiff-Appellant, Cross-Appellee,
v.
TRANS MERIDIAN, INC., Defendant-Appellee, Cross-Appellant.
TRANS MERIDIAN, INC., Robert G. Tunnell, Gale Tunnell, Itaf
Daod, Ghaleb A. Hamadeh, Mary Hamadeh, Charles R. Ward,
Barbara Ward, H.J. Van Praag, and Laiping F. Van Praag,
Counterclaim Plaintiffs-Appellees Cross-Appellants,
v.
MBANK FORT WORTH, N.A. (formerly Continental National Bank
of Fort Worth), Counterclaim Defendant-Appellant
Cross-Appellee
and
Sabre Exploration Corporation, John C. Andrews and Gerald T.
Langford, Counterclaim Defendants-Cross-Appellees.
 No. 86-1044.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 10, 1987.
 
 Sam J. Day, John H. Cayce, Jr., Constance R. Heiland, Fort Worth, Tex., for Mbank Fort Worth, N.A.
 David F. Chappell, Kathleen J. Miller, Chappell & Handy, Fort Worth, Tex., for Trans Meridian, Inc., et al.
 Appeals from the United States District Court for the Northern District of Texas.
 Before CLARK, Chief Judge, BROWN and JOLLY, Circuit Judges:
 ON PETITIONS FOR REHEARING
 (Opinion July 2, 5th Cir.1987, 820 F.2d 716)
 PER CURIAM:
 
 
 1
 In the course of their petitions for rehearing raising numerous issues, the parties on both sides of this controversy have called the court's attention to two Texas Supreme Court cases decided shortly before our opinion was issued in this case, which were not included in the briefs and were not considered by the court.
 
 
 2
 TMI asserts that the case of Melody Home Manufacturing Co. v. Barnes, 30 Tex.Sup.Ct.J. 489 (June 17, 1987), affects our holding that a party's conduct may constitute a waiver of its right to assert the Texas Deceptive Trade Practices Act (DTPA) as a defense. We disagree. In Melody Home, the Texas Supreme Court did not address the issue of waiver by conduct subsequent to formation of a contract. Rather, Melody Home held an implied warranty that repairs would be made in a good and workmanlike manner could not be waived "merely by a pre-printed standard form disclaimer or an unintelligible merger clause." The court expressly limited its overruling of the prior holding in G-W-L, Inc. v. Robichaux, 643 S.W.2d 392 (Tex.1982) only to the extent that Robichaux was in conflict with Melody Home. There is no conflict between the holding in Melody Home prohibiting waivers in contracts of adhesion and our reliance on Robichaux as approving waiver by conduct. Melody Home does not apply to the completely different factual situation presented in this case. It does not require any change in our opinion.
 
 
 3
 MBank asserts that the Texas Supreme Court decision in E.F. Hutton and Company, Inc. v. Youngblood, 30 Tex.Sup.Ct.J. 508 (June 24, 1987) requires reversal of our holding that both the Texas Securities Act and the DTPA can apply to the sale of oil and gas leases in this case. This, too, is error. E. F. Hutton addresses a different issue from the one before us. It involved the sale of securities by a stock brokerage firm. E.F. Hutton holds the due diligence defense available under the Texas Securities Act is inconsistent with strict liability imposed under the DTPA. The case before the court today involves participation in an oil and gas drilling venture and acquisition of a property interest in oil and gas leases. E.F. Hutton does not indicate that the Texas Securities Act and the DTPA cannot apply to a complex transaction that involved both sale of a property interest and a security interest. No clash between due diligence and strict liability is presented. Both Acts properly were applied.
 
 
 4
 The Petitions for Rehearing are DENIED.